UNITED STATED BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| BLACK ELK ENERGY OFFSHORE | § | CASE NO. 15-34287 (MI) |
| OPERATIONS, LLC | § | |
| | § | |
| DEBTOR. | § | CHAPTER 11 |
| | § | |
| RICHARD SCHMIDT, LITIGATION TRUSTEE, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| VS. | § | |
| | § | ADVERSARY NO. 16-03237 |
| | § | |
| PLATINUM PARTNERS VALUE ARBITRAGE | § | |
| FUND LP, PLATINUM PARTNERS CREDIT | § | |
| OPPORTUNITIES MASTER FUND LP, PLATINUM | § | |
| PARTNERS LIQUID OPPORTUNITIES MASTER | § | |
| FUND LP AND PPVA BLACK ELK (EQUITY) | § | |
| LLC, | § | |
| | § | |
| DEFENDANTS. | § | |

**OBJECTIONS TO THE NOVEMBER 3, 2016 DISCOVERY ORDER
OF NON-PARTY DAVID LEVY AND
PROVISIONAL REQUEST FOR EMERGENCY HEARING**

David Levy, through undersigned counsel,[1] respectfully submits the following objections to his deposition being taken on November 10, 2016 in connection with the above-referenced matter.

---

[1] These objections are being filed by T. Micah Dortch on behalf of Anna G. Phillips. Mr. Dortch and Cooper & Scully, PC do not represent Mr. Levy in this matter. It is Mr. Dortch's understanding that Ms. Phillips is admitted to practice in the Southern District of Texas, but does not have an ECF log-in for filing in the bankruptcy court. It is Mr. Dortch's understanding that Ms. Phillips will contact the District Clerk's Office as soon as possible to obtain her own log-in information.

Undersigned counsel is appearing in this matter solely for the purpose of interposing these objections on behalf of Mr. Levy, and for no other purpose. Mr. Levy also requests an emergency hearing on his objections to the extent the Court deems such a hearing necessary.

## BACKGROUND

On November 2, 2016, the Trustee in the above-referenced matter, through its counsel, made an Emergency Motion to Order Expedited Discovery, Document 16.

On November 3, 2016, the Court entered a Discovery Order, Document 20, providing for, among other things, the depositions of certain employees of Defendants. The Discovery Order further provided that "[a]ny discovery objection (including any objection to a subpoena) must be filed within 2 calendar days of receipt of the discovery or subpoena and an emergency hearing must be sought." Discovery Order ¶ 3.

On November 3, 2016, Mr. Levy received via email a subpoena for his deposition on November 10, 2016 – no personal service was affected.

While Mr. Levy has not yet been served with the subpoena for his deposition, in light of the Discovery Order's reference to "receipt" of the subpoena, Mr. Levy, through counsel, now files his objections in order to assure that they are timely and not waived.

First, Mr. Levy is currently unrepresented in this matter. The undersigned has been representing him in connection with other Platinum-related matters, but not in connection with the Black Elk bankruptcy. As a result, in order to avoid any unfair prejudice to Mr. Levy, he needs sufficient and reasonable time to engage counsel in connection with the matter before this Court and have an opportunity to confer with that counsel in advance of any deposition.

Second, in his Emergency Motion to Order Expedited Discovery, made to this Court on November 2, 2016, the Trustee suggested to this Court that Mr. Levy would suffer no prejudice from

an expedited deposition: "No hardship will be imposed on Platinum to produce these individuals for deposition since Platinum has sought and secured cash disbursements through a court order on behalf of Nordlicht and Salfati; [and] it has sought payment of legal fees for Levy." Document 16 at p. 5. The obvious purpose in making this assertion to the Court was to suggest that Mr. Levy would receive legal fees from Platinum – specifically, from Platinum Partners Credit Opportunities Master Fund ("PPCO"), which is required to indemnify Mr. Levy -- in order to engage and confer with counsel regarding his deposition in this matter. But the opposite is the truth – the Trustee *opposed* the very request for payment of legal fees that it ballyhooed to this Court as the basis for there being no prejudice. As a result, Mr. Levy stands to suffer great hardship and unfair prejudice as he is being denied the funds necessary for him to retain and confer with counsel. Accordingly, the Trustee, while seeking expedited discovery from Mr. Levy, is actually and unfairly hamstringing Mr. Levy's ability to engage and confer with counsel.

Third, the Trustee just yesterday filed a separate lawsuit in the District Court of Harris County, Texas, in which Mr. Levy is named as an individual defendant, *Richard Schmidt, Trustee v. Mark Nordlicht, et al.,* 2016-76291. Mr. Levy has yet to be served with that complaint and has not engaged or conferred with counsel relating to that matter. But as the issues plainly overlap with the bankruptcy proceeding, it would work an unfair prejudice to Mr. Levy in the *Nordlicht* lawsuit if he is required to appear for a deposition in the *Black Elk* bankruptcy proceeding without a reasonable opportunity to engage and confer with counsel -- for his responses in the bankruptcy deposition could then be sought to be used by the Trustee in the *Nordlicht* lawsuit.

Fourth, the Trustee has failed to articulate any reason whatsoever why there is a need for Mr. Levy to appear in his individual capacity. While the Trustee may have a need to obtain discovery from the various Platinum entities for use at the Preliminary Injunction hearing, it can serve

document requests and depose corporate representatives for these purposes. The Trustee has failed to make any showing why Mr. Levy's deposition is necessary in such an expedited manner – indeed, the Trustee's Emergency Motion doesn't even attempt to make a showing that the deposition of Mr. Levy in his individual capacity is needed at this time, or articulate what topics are to be covered at such a deposition.

In light of the above, David Levy, through undersigned counsel, respectfully requests that the Court:

1. Revise its Discovery Order dated November 3, 2016, Document 20, to permit the Trustee to take the depositions of Corporate Representatives of the Defendants, but not the deposition of Mr. Levy in his individual capacity; *or in the alternative*,

2. Adjourn the deposition of Mr. Levy so that he has a reasonable opportunity to engage and confer with counsel in advance of his deposition; and permit PPCO to advance to Mr. Levy his reasonable legal fees in connection with his engagement of counsel and preparation for his deposition.

3. Consistent with ¶ 3 of the Discovery Order, Mr. Levy requests an emergency hearing on his objections to the extent the Court deems such a hearing to be necessary.

Dated: November 5, 2016

                                                Respectfully submitted,

By: */s/ Anna G. Phillips*
    WILSON SONSINI GOODRICH & ROSATI, P.C.
    Anna G. Phillips
    Attorney-in-Charge
    State Bar No. 24090329
    Southern Dist. of Texas Federal Id No. 2451053
    anphillips@wsgr.com
    900 South Capital of Texas Highway
    Las Cimas IV, Fifth Floor
    Austin, TX 78746
    Phone 512.338.5400
    Fax 512.338.5499

Of Counsel:

Wilson Sonsini Goodrich & Rosati
Michael S. Sommer (*pro hac vice* pending)
1301 Avenue of the Americas
New York, New York 10019
(212) 497-7728
msommer@wsgr.com

***Attorneys for Non-Party David Levy***

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was served upon all counsel of record via the Court's ECF system on the 5th day of November, 2016.

>/s/ *T. Micah Dortch*
>**T. MICAH DORTCH**
>State Bar No. 24044981
>SDTX Bar No. 630903
>**COOPER & SCULLY, P.C.**
>900 Jackson Street, Suite 100
>Dallas, Texas  75202
>Telephone:  (214) 712-9500
>Facsimile:  (214) 712-9540
>Micah.Dortch@cooperscully.com
>**ATTORNEY-IN-CHARGE FOR DEFENDANTS PLATINUM PARTNERS CREDIT OPPORTUNITIES MASTER FUND LP AND PLATINUM PARTNERS LIQUID OPPORTUNITIES MASTER FUND LP**