UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RICHARD SCHMIDT, LITIGATION TRUSTEE | § § § | |
| VS. | § § | ADVERSARY NO. 16-03237 |
| PLATINUM PARTNERS VALUE ARBITRAGE FUND LP, PLATINUM PARTNERS CREDIT OPPORTUNITIES MASTER FUND LP, PLATINUM PARTNERS LIQUID OPPORTUNITIES MASTER FUND, LP AND PPVA BLACK ELK (EQUITY), LLC | § § § § § § § § | Hon. Marvin Isgur |

DEFENDANTS PLATINUM PARTNERS LIQUID OPPORTUNITIES MASTER
FUND, LP AND PLATINUM PARTNERS CREDIT OPPORTUNITIES MASTER
FUND, LP'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE MARVIN ISGUR:

Platinum Partners Liquid Opportunities Master Fund, LP (herein "PPLO") and Platinum Partners Credit Opportunities Master Fund, LP (herein "PPCO") thorough their duly appointed Receiver Bart Schwartz file this Answer to Plaintiff Richard Schmidt, Litigation Trustee for Black Elk Energy Offshore Operations, LLC's Original Complaint and would show as follows:

INTRODUCTORY STATEMENTS

1.    On December 19, 2016, United States District Judge Kiyo A. Matsumoto entered an Order Appointing Receiver (Exhibit 1, herein "Receiver Order") in Civil Action No. 16-cv-06848; *United States Securities and Exchange Commission vs. Platinum Management (NY), LLC et al.*, pending in the Eastern District of New York.[1]

---

[1] The case in the Eastern District of New York has since been transferred to Judge Lizette Irizarry.

2.      In the Receiver Order, Judge Matsumoto appointed Bart Schwartz (herein "The Receiver for PPLO and PPCO") as Receiver "for the purposes of marshalling and preserving all assets of…Platinum Partners Credit Opportunities Master Fund LP…Platinum Partners Liquid Opportunity Fund (USA) LP." (EDNY Dkt. 6 attached as Exhibit 1, p. 1-2).

3.      Under the Receiver Order, the Court in the Eastern District of New York "takes exclusive jurisdiction and possession of the assets, of whatever kind and wherever situated, of the Receivership Entities" which includes PPLO and PPCO.  (Exhibit 1, p. 2).

4.      The Receiver Order placed a stay on all litigation proceedings involving Receivership Entities and any past or present officers, directors, managers, managing members, agents, or general or limited partners (Exhibit 1, p. 11).   A hand-written addition to the Receiver Order specifically excluded this Adversary Proceeding from that stay.

5.      The Securities and Exchange Commission has indicated to The Receiver for PPLO and PPCO that the hand-written language was added to the Receiver Order at the request of the attorney for certain Platinum related entities to protect the interests of those entities.  It was not intended to interfere with the Receiver's control over Receivership Property. (EDNY Dkt. 23, attached as Exhibit 2).

6.      On January 9, 2017, the Securities & Exchange Commission and Receiver filed a Joint Emergency Motion for (I) an Order Modifying Platinum TRO and Receiver Order, (II) Order to Show Cause, and (III) Temporary Restraining Order (herein "Joint Motion to Modify")(EDNY Dkt. 21, 22, and 24 attached as Exhibit 3-5).

7.      In the Joint Motion to Modify, the Receiver and the Securities and Exchange Commission asked the District Court in the Eastern District of New York to modify the Receiver

Order to include a stay of this Adversary Proceeding to enable the Receiver to preserve assets for all of PPLO and PPCO's investors and creditors, including Black Elk.

8.      The Eastern District of New York has set a hearing on the Joint Motion to Modify for January 31, 2017.

9.      On January 11, 2017, the Receiver for PPLO and PPCO reached an agreement with the Black Elk Litigation Trustee to allow the payment of expenses listed in the Receiver's Declaration.

## ADMISSIONS AND DENIALS OF ALLEGATIONS IN THE COMPLAINT

10.      The Receiver for PPLO and PPCO has not yet had an opportunity to fully investigate the claims made in the lawsuit, thus he must state below that for most of the allegations and averments he lacks knowledge or information at this time sufficient to form a belief about the truth of the allegations.

11.      The Receiver for PPLO and PPCO objects to the use of "Platinum" as a generic term throughout the Complaint.  In response to the allegations and averments using "Platinum" for various funds and entities collectively, The Receiver for PPLO and PPCO is answering solely for PPLO and PPCO in this Answer and asserts that he is neither admitting nor denying for any other entity or fund unless otherwise indicated.

12.      Paragraph 1 of the Complaint does not require an admission or a denial.

13.      The Receiver for PPLO and PPCO admits that PPCO invested in Black Elk in 2009.  The Receiver for PPLO and PPCO is without sufficient knowledge or information at this time to form a belief about the truth of the remaining allegations and averments in Paragraph 2 of the Complaint.

14.     The Receiver for PPLO and PPCO is without sufficient knowledge or information at this time to form a belief about the truth of the remaining allegations and averments in Paragraph 3 of the Complaint.

15.     The Receiver for PPLO and PPCO is without sufficient knowledge or information at this time to form a belief about the truth of the remaining allegations and averments in Paragraph 4 of the Complaint.

16.     The Receiver for PPLO and PPCO is without sufficient knowledge or information at this time to form a belief about the truth of the remaining allegations and averments in Paragraph 5 of the Complaint.

17.     The Receiver for PPLO and PPCO is without sufficient knowledge or information at this time to form a belief about the truth of the remaining allegations and averments in Paragraph 6 of the Complaint.

18.     The Receiver for PPLO and PPCO is without sufficient knowledge or information at this time to form a belief about the truth of the remaining allegations and averments in Paragraph 7 of the Complaint.

19.     The Receiver for PPLO and PPCO is without sufficient knowledge or information at this time to form a belief about the truth of the remaining allegations and averments in Paragraph 8 of the Complaint.

20.     The Receiver for PPLO and PPCO admits that Black Elk issued $150 million face value of 13.75% Senior Secured Notes.  The Receiver for PPLO and PPCO is without sufficient knowledge or information at this time to form a belief about the truth of the remaining allegations and averments in Paragraph 9 of the Complaint.

21.     The Receiver for PPLO and PPCO is without sufficient knowledge or information at this time to form a belief about the truth of the allegations and averments in Paragraph 10 of the Complaint.

22.     The Receiver for PPLO and PPCO is without sufficient knowledge or information at this time to form a belief about the truth of the allegations and averments in Paragraph 11 of the Complaint.

23.     The Receiver for PPLO and PPCO is without sufficient knowledge or information at this time to form a belief about the truth of the allegations and averments in Paragraph 12 of the Complaint.

24.     The Receiver for PPLO and PPCO admits that Levy did eventually return to work for a Platinum entity.  The Receiver for PPLO and PPCO is without sufficient knowledge or information at this time to form a belief about the truth of the remaining allegations and averments in n Paragraph 13 of the Complaint.

25.     The Receiver for PPLO and PPCO is without sufficient knowledge or information at this time to form a belief about the truth of the allegations and averments in Paragraph 14 of the Complaint.

26.     The Receiver for PPLO and PPCO denies the allegations in Paragraph 15 of the Complaint.

27.     The Receiver for PPLO and PPCO admits the email states what the Trustee claims, but is without knowledge or information to form a belief about the truth of the allegations and averments contained therein.  The Receiver for PPLO and PPCO is without sufficient knowledge or information at this time to form a belief about the truth of the remaining allegations and averments in Paragraph 16 of the Complaint.

28.     The Receiver for PPLO and PPCO admits that venue is proper in this District. The Receiver for PPLO and PPCO denies the remaining allegations in Paragraph 17 of the Complaint.

29.     The Receiver for PPLO and PPCO admits the allegations in Paragraph 18 of the Complaint.

30.     The Receiver for PPLO and PPCO admits the allegations in Paragraph 19 of the Complaint.

31.     The Receiver for PPLO and PPCO admits the allegations in Paragraph 20 of the Complaint.

32.     The Receiver for PPLO and PPCO admits the allegations in Paragraph 21 of the Complaint.

33.     The Receiver for PPLO and PPCO admits the allegations in Paragraph 22 of the Complaint.

34.     The Receiver for PPLO and PPCO admits the allegations in Paragraph 23 of the Complaint.

35.     The Receiver for PPLO and PPCO admits the allegations in Paragraph 24 of the Complaint.

36.     The Receiver for PPLO and PPCO admits the allegations in Paragraph 25 of the Complaint.

37.     The Receiver for PPLO and PPCO admits the allegations in Paragraph 26 of the Complaint.

38.     The Receiver for PPLO and PPCO admits the allegations in Paragraph 27 of the Complaint.

39.     The Receiver for PPLO and PPCO admits the allegations in Paragraph 28 of the Complaint.

40.     The Receiver for PPLO and PPCO admits the allegations in Paragraph 29 of the Complaint.

41.     The Receiver for PPLO and PPCO admits the allegations in Paragraph 30 of the Complaint.

42.     The Receiver for PPLO and PPCO admits the allegations in Paragraph 31 of the Complaint.

43.     The Receiver for PPLO and PPCO admits the allegations in Paragraph 32 of the Complaint.

44.     The Receiver for PPLO and PPCO admits that the quoted material accurately re-states what is stated in the referenced exhibit, but is without knowledge or information to form a belief about the truth of the allegations and averments contained therein.  The Receiver for PPLO and PPCO is without sufficient knowledge or information at this time to form a belief about the truth of the remaining allegations and averments in Paragraph 33 of the Complaint.

45.     The Receiver for PPLO and PPCO admits that the quoted material accurately re-states what is stated in the referenced exhibit, but is without knowledge or information to form a belief about the truth of the allegations and averments contained therein.  The Receiver for PPLO and PPCO is without sufficient knowledge or information at this time to form a belief about the truth of the remaining allegations and averments in Paragraph 34 of the Complaint.

46.      The Receiver for PPLO and PPCO is without sufficient knowledge or information at this time to form a belief about the truth of the allegations and averments in Paragraph 35 of the Complaint.

47. The Receiver for PPLO and PPCO admits the allegations in Paragraph 36 of the Complaint.

48. The Receiver for PPLO and PPCO admits the allegations in Paragraph 37 of the Complaint.

49. The Receiver for PPLO and PPCO is without sufficient knowledge or information at this time to form a belief about the truth of the allegations and averments in Paragraph 38 of the Complaint.

50. The Receiver for PPLO and PPCO is without sufficient knowledge or information at this time to form a belief about the truth of the allegations and averments in Paragraph 39 of the Complaint.

51. The Receiver for PPLO and PPCO is without sufficient knowledge or information at this time to form a belief about the truth of the allegations and averments in Paragraph 40 of the Complaint.

52. The Receiver for PPLO and PPCO is without sufficient knowledge or information at this time to form a belief about the truth of the allegations and averments in Paragraph 41 of the Complaint.

53. The Receiver for PPLO and PPCO admits that the quoted material in Paragraph 43 accurately re-states what is stated in the referenced exhibit, but is without knowledge or information to form a belief about the truth of the allegations and averments contained therein. The Receiver for PPLO and PPCO is without sufficient knowledge or information at this time to form a belief about the truth of the remaining allegations and averments in Paragraph 42 of the Complaint.

54.     The Receiver for PPLO and PPCO admits that the quoted material in Paragraph 43 accurately re-states what is stated in the referenced exhibit, but is without knowledge or information to form a belief about the truth of the allegations and averments contained therein. The Receiver for PPLO and PPCO is without sufficient knowledge or information at this time to form a belief about the truth of the remaining allegations and averments in Paragraph 43 of the Complaint.

55.     The Receiver for PPLO and PPCO is without sufficient knowledge or information at this time to form a belief about the truth of the allegations and averments in Paragraph 44 of the Complaint.

56.     The Receiver for PPLO and PPCO is without sufficient knowledge or information at this time to form a belief about the truth of the allegations and averments in Paragraph 45 of the Complaint.

57.     The Receiver for PPLO and PPCO is without sufficient knowledge or information at this time to form a belief about the truth of the allegations and averments in Paragraph 46 of the Complaint.

58.     The Receiver for PPLO and PPCO is without sufficient knowledge or information at this time to form a belief about the truth of the allegations and averments in Paragraph 47 of the Complaint.

59.     The Receiver for PPLO and PPCO is without sufficient knowledge or information at this time to form a belief about the truth of the allegations and averments in Paragraph 48 of the Complaint.

60.     The Receiver for PPLO and PPCO is without sufficient knowledge or information at this time to form a belief about the truth of the allegations and averments in Paragraph 49 of the Complaint.

61.     The Receiver for PPLO and PPCO is without sufficient knowledge or information at this time to form a belief about the truth of the allegations and averments in Paragraph 50 of the Complaint.

62.     The Receiver for PPLO and PPCO admits that the quoted material in Paragraph 51 accurately re-states what is stated in the referenced exhibit, but is without knowledge or information to form a belief about the truth of the allegations and averments contained therein. The Receiver for PPLO and PPCO is without sufficient knowledge or information at this time to form a belief about the truth of the remaining allegations and averments in Paragraph 51 of the Complaint.

63.     The Receiver for PPLO and PPCO admits that the quoted material in Paragraph 52 accurately re-states what is stated in the referenced exhibit, but is without knowledge or information to form a belief about the truth of the allegations and averments contained therein. The Receiver for PPLO and PPCO is without sufficient knowledge or information at this time to form a belief about the truth of the remaining allegations and averments in Paragraph 52 of the Complaint.

64.     The Receiver for PPLO and PPCO admits that the quoted material in Paragraph 53 accurately re-states what is stated in the referenced exhibit, but is without knowledge or information to form a belief about the truth of the allegations and averments contained therein. The Receiver for PPLO and PPCO is without sufficient knowledge or information at this time to

form a belief about the truth of the remaining allegations and averments in Paragraph 53 of the Complaint.

65.     The Receiver for PPLO and PPCO admits that the quoted material in Paragraph 54 accurately re-states what is stated in the referenced exhibit, but is without knowledge or information to form a belief about the truth of the allegations and averments contained therein. The Receiver for PPLO and PPCO is without sufficient knowledge or information at this time to form a belief about the truth of the remaining allegations and averments in Paragraph 54 of the Complaint.

66.     The Receiver for PPLO and PPCO admits that the quoted material in Paragraph 55 accurately re-states what is stated in the referenced exhibit, but is without knowledge or information to form a belief about the truth of the allegations and averments contained therein. The Receiver for PPLO and PPCO is without sufficient knowledge or information at this time to form a belief about the truth of the remaining allegations and averments in Paragraph 55 of the Complaint.

67.     The Receiver for PPLO and PPCO is without sufficient knowledge or information at this time to form a belief about the truth of the allegations and averments in Paragraph 56 of the Complaint.

68.     The Receiver for PPLO and PPCO is without sufficient knowledge or information at this time to form a belief about the truth of the allegations and averments in Paragraph 57 of the Complaint.

69.     The Receiver for PPLO and PPCO admits that the quoted material in Paragraph 58 accurately re-states what is stated in the referenced exhibit, but is without knowledge or information to form a belief about the truth of the allegations and averments contained therein.

The Receiver for PPLO and PPCO is without sufficient knowledge or information at this time to form a belief about the truth of the remaining allegations and averments in Paragraph 58 of the Complaint.

70.     The Receiver for PPLO and PPCO is without sufficient knowledge or information at this time to form a belief about the truth of the allegations and averments in Paragraph 59 of the Complaint.

71.     The Receiver for PPLO and PPCO is without sufficient knowledge or information at this time to form a belief about the truth of the allegations and averments in Paragraph 60 of the Complaint.

72.     The Receiver for PPLO and PPCO admits that the quoted material in Paragraph 61 accurately re-states what is stated in the referenced exhibit, but is without knowledge or information to form a belief about the truth of the allegations and averments contained therein. The Receiver for PPLO and PPCO is without sufficient knowledge or information at this time to form a belief about the truth of the remaining allegations and averments in Paragraph 61 of the Complaint.

73.     The Receiver for PPLO and PPCO admits that the quoted material in Paragraph 62 accurately re-states what is stated in the referenced exhibit, but is without knowledge or information to form a belief about the truth of the allegations and averments contained therein. The Receiver for PPLO and PPCO is without sufficient knowledge or information at this time to form a belief about the truth of the remaining allegations and averments in Paragraph 62 of the Complaint.

74.     The Receiver for PPLO and PPCO admits that the quoted material in Paragraph 63 accurately re-states what is stated in the referenced exhibit, but is without knowledge or

information to form a belief about the truth of the allegations and averments contained therein. The Receiver for PPLO and PPCO is without sufficient knowledge or information at this time to form a belief about the truth of the remaining allegations and averments in Paragraph 63 of the Complaint.

75.     The Receiver for PPLO and PPCO is without sufficient knowledge or information at this time to form a belief about the truth of the allegations and averments in Paragraph 64 of the Complaint.

76.     The Receiver for PPLO and PPCO is without sufficient knowledge or information at this time to form a belief about the truth of the allegations and averments in Paragraph 65 of the Complaint.

77.     The Receiver for PPLO and PPCO is without sufficient knowledge or information at this time to form a belief about the truth of the allegations and averments in Paragraph 66 of the Complaint.

78.     The Receiver for PPLO and PPCO admits that the quoted material in Paragraph 67 accurately re-states what is stated in the referenced exhibit, but is without knowledge or information to form a belief about the truth of the allegations and averments contained therein. The Receiver for PPLO and PPCO is without sufficient knowledge or information at this time to form a belief about the truth of the remaining allegations and averments in Paragraph 67 of the Complaint.

79.     The Receiver for PPLO and PPCO is without sufficient knowledge or information at this time to form a belief about the truth of the allegations and averments in Paragraph 68 of the Complaint.

80.     The Receiver for PPLO and PPCO admits that the quoted material in Paragraph 69 accurately re-states what is stated in the referenced exhibit, but is without knowledge or information to form a belief about the truth of the allegations and averments contained therein. The Receiver for PPLO and PPCO is without sufficient knowledge or information at this time to form a belief about the truth of the remaining allegations and averments in Paragraph 69 of the Complaint.

81.     The Receiver for PPLO and PPCO is without sufficient knowledge or information at this time to form a belief about the truth of the allegations and averments in Paragraph 70 of the Complaint.

82.     The Receiver for PPLO and PPCO admits that the quoted material in Paragraph 71 accurately re-states what is stated in the referenced exhibit, but is without knowledge or information to form a belief about the truth of the allegations and averments contained therein. The Receiver for PPLO and PPCO is without sufficient knowledge or information at this time to form a belief about the truth of the remaining allegations and averments in Paragraph 71 of the Complaint.

83.     The Receiver for PPLO and PPCO admits that the quoted material in Paragraph 72 accurately re-states what is stated in the referenced exhibit, but is without knowledge or information to form a belief about the truth of the allegations and averments contained therein. The Receiver for PPLO and PPCO is without sufficient knowledge or information at this time to form a belief about the truth of the remaining allegations and averments in Paragraph 72 of the Complaint.

84.     The Receiver for PPLO and PPCO admits that the document attached as an exhibit was not signed by Hoffman.  The Receiver for PPLO and PPCO is without sufficient

knowledge or information at this time to form a belief about the truth of the remaining allegations and averments in Paragraph 73 of the Complaint.

85.     The Receiver for PPLO and PPCO is without sufficient knowledge or information at this time to form a belief about the truth of the allegations and averments in Paragraph 74 of the Complaint.

86.     The Receiver for PPLO and PPCO is without sufficient knowledge or information at this time to form a belief about the truth of the allegations and averments in Paragraph 75 of the Complaint.

87.     The Receiver for PPLO and PPCO admits that the quoted material in Paragraph 76 accurately re-states what is stated in the referenced exhibit, but is without knowledge or information to form a belief about the truth of the allegations and averments contained therein. The Receiver for PPLO and PPCO is without sufficient knowledge or information at this time to form a belief about the truth of the remaining allegations and averments in Paragraph 76 of the Complaint.

88.     The Receiver for PPLO and PPCO admits that the quoted material in Paragraph 77 accurately re-states what is stated in the referenced exhibit, but is without knowledge or information to form a belief about the truth of the allegations and averments contained therein. The Receiver for PPLO and PPCO is without sufficient knowledge or information at this time to form a belief about the truth of the remaining allegations and averments in Paragraph 77 of the Complaint.

89.     The Receiver for PPLO and PPCO is without sufficient knowledge or information at this time to form a belief about the truth of the allegations and averments in Paragraph 78 of the Complaint.

90.     The Receiver for PPLO and PPCO admits that the quoted material in Paragraph 79 accurately re-states what is stated in the referenced exhibit, but is without knowledge or information to form a belief about the truth of the allegations and averments contained therein. The Receiver for PPLO and PPCO is without sufficient knowledge or information at this time to form a belief about the truth of the remaining allegations and averments in Paragraph 79 of the Complaint.

91.     The Receiver for PPLO and PPCO admits that the quoted material in Paragraph 80 accurately re-states what is stated in the referenced exhibit, but is without knowledge or information to form a belief about the truth of the allegations and averments contained therein. The Receiver for PPLO and PPCO is without sufficient knowledge or information at this time to form a belief about the truth of the remaining allegations and averments in Paragraph 80 of the Complaint.

92.     The Receiver for PPLO and PPCO is without sufficient knowledge or information at this time to form a belief about the truth of the allegations and averments in Paragraph 81 of the Complaint.

93.     The Receiver for PPLO and PPCO admits that the quoted material in Paragraph 82 accurately re-states what is stated in the referenced exhibit, but is without knowledge or information to form a belief about the truth of the allegations and averments contained therein. The Receiver for PPLO and PPCO is without sufficient knowledge or information at this time to form a belief about the truth of the remaining allegations and averments in Paragraph 82 of the Complaint.

94.     The Receiver for PPLO and PPCO admits that the quoted material in Paragraph 83 accurately re-states what is stated in the referenced exhibit, but is without knowledge or

information to form a belief about the truth of the allegations and averments contained therein. The Receiver for PPLO and PPCO is without sufficient knowledge or information at this time to form a belief about the truth of the remaining allegations and averments in Paragraph 83 of the Complaint.

95.     The Receiver for PPLO and PPCO admits that the quoted material in Paragraph 84 accurately re-states what is stated in the referenced exhibit, but is without knowledge or information to form a belief about the truth of the allegations and averments contained therein. The Receiver for PPLO and PPCO is without sufficient knowledge or information at this time to form a belief about the truth of the remaining allegations and averments in Paragraph 84 of the Complaint.

96.     The Receiver for PPLO and PPCO admits that the quoted material in Paragraph 85 accurately re-states what is stated in the referenced exhibit, but is without knowledge or information to form a belief about the truth of the allegations and averments contained therein. The Receiver for PPLO and PPCO is without sufficient knowledge or information at this time to form a belief about the truth of the remaining allegations and averments in Paragraph 85 of the Complaint.

97.     The Receiver for PPLO and PPCO is without sufficient knowledge or information at this time to form a belief about the truth of the allegations and averments in Paragraph 86 of the Complaint.

98.     The Receiver for PPLO and PPCO admits that the quoted material in Paragraph 87 accurately re-states what is stated in the referenced exhibit, but is without knowledge or information to form a belief about the truth of the allegations and averments contained therein. The Receiver for PPLO and PPCO is without sufficient knowledge or information at this time to

form a belief about the truth of the remaining allegations and averments in Paragraph 87 of the Complaint.

99.     The Receiver for PPLO and PPCO is without sufficient knowledge or information at this time to form a belief about the truth of the allegations and averments in Paragraph 88 of the Complaint.

100.    The Receiver for PPLO and PPCO admits that the quoted material in Paragraph 89 accurately re-states what is stated in the referenced exhibit, but is without knowledge or information to form a belief about the truth of the allegations and averments contained therein. The Receiver for PPLO and PPCO is without sufficient knowledge or information at this time to form a belief about the truth of the remaining allegations and averments in Paragraph 89 of the Complaint.

101.    The Receiver for PPLO and PPCO admits that the quoted material in Paragraph 90 accurately re-states what is stated in the referenced exhibit, but is without knowledge or information to form a belief about the truth of the allegations and averments contained therein. The Receiver for PPLO and PPCO is without sufficient knowledge or information at this time to form a belief about the truth of the remaining allegations and averments in Paragraph 90 of the Complaint.

102.    The Receiver for PPLO and PPCO admits that the quoted material in Paragraph 91 accurately re-states what is stated in the referenced exhibit, but is without knowledge or information to form a belief about the truth of the allegations and averments contained therein. The Receiver for PPLO and PPCO is without sufficient knowledge or information at this time to form a belief about the truth of the remaining allegations and averments in Paragraph 91 of the Complaint.

103.    The Receiver for PPLO and PPCO admits that the quoted material in Paragraph 92 accurately re-states what is stated in the referenced exhibit, but is without knowledge or information to form a belief about the truth of the allegations and averments contained therein. The Receiver for PPLO and PPCO is without sufficient knowledge or information at this time to form a belief about the truth of the remaining allegations and averments in Paragraph 92 of the Complaint.

104.    The Receiver for PPLO and PPCO is without sufficient knowledge or information at this time to form a belief about the truth of the allegations and averments in Paragraph 93 of the Complaint.

105.    The Receiver for PPLO and PPCO admits that the quoted material in Paragraph 94 accurately re-states what is stated in the referenced exhibit, but is without knowledge or information to form a belief about the truth of the allegations and averments contained therein. The Receiver for PPLO and PPCO is without sufficient knowledge or information at this time to form a belief about the truth of the remaining allegations and averments in Paragraph 94 of the Complaint.

106.    The Receiver for PPLO and PPCO is without sufficient knowledge or information at this time to form a belief about the truth of the allegations and averments in Paragraph 95 of the Complaint.

107.    The Receiver for PPLO and PPCO is without sufficient knowledge or information at this time to form a belief about the truth of the allegations and averments in Paragraph 96 of the Complaint.

108.    The Receiver for PPLO and PPCO admits that the quoted material in Paragraph 97 accurately re-states what is stated in the referenced exhibit, but is without knowledge or

information to form a belief about the truth of the allegations and averments contained therein. The Receiver for PPLO and PPCO is without sufficient knowledge or information at this time to form a belief about the truth of the remaining allegations and averments in Paragraph 97 of the Complaint.

109.    The Receiver for PPLO and PPCO is without sufficient knowledge or information at this time to form a belief about the truth of the allegations and averments in Paragraph 98 of the Complaint.

110.    The Receiver for PPLO and PPCO is without sufficient knowledge or information at this time to form a belief about the truth of the allegations and averments in Paragraph 99 of the Complaint.

111.    The Receiver for PPLO and PPCO is without sufficient knowledge or information at this time to form a belief about the truth of the allegations and averments in Paragraph 100 of the Complaint.

112.    The Receiver for PPLO and PPCO is without sufficient knowledge or information at this time to form a belief about the truth of the allegations and averments in Paragraph 101 of the Complaint.

113.    The Receiver for PPLO and PPCO is without sufficient knowledge or information at this time to form a belief about the truth of the allegations and averments in Paragraph 102 of the Complaint.

114.    The Receiver for PPLO and PPCO is without sufficient knowledge or information at this time to form a belief about the truth of the allegations and averments in Paragraph 103 of the Complaint.

115.     The Receiver for PPLO and PPCO incorporates the admissions and denials made above in response to Paragraph 104 of the Complaint.

116.     The Receiver for PPLO and PPCO admits Section 548 of the Bankruptcy Code allows for the avoidance of transfers as set forth in Paragraph 105 of the Complaint.

117.     The Receiver for PPLO and PPCO denies the allegations in Paragraph 106 of the Complaint.

118.     The Receiver for PPLO and PPCO denies the allegations in Paragraph 107 of the Complaint.

119.     The Receiver for PPLO and PPCO denies the allegations in Paragraph 108 of the Complaint.

120.     The Receiver for PPLO and PPCO denies the allegations in Paragraph 109 of the Complaint.

121.     The Receiver for PPLO and PPCO incorporates the admissions and denials made above in response to Paragraph 110 of the Complaint.

122.     The Receiver for PPLO and PPCO admits Section 548 of the Bankruptcy Code allows for the avoidance of transfers as set forth in Paragraph 111 of the Complaint.

123.     The Receiver for PPLO and PPCO denies the allegations in Paragraph 112 of the Complaint.

124.     The Receiver for PPLO and PPCO denies the allegations in Paragraph 113 of the Complaint.

125.     The Receiver for PPLO and PPCO denies the allegations in Paragraph 114 of the Complaint.

126.    The Receiver for PPLO and PPCO incorporates the admissions and denials made above in response to Paragraph 115 of the Complaint.

127.    The Receiver for PPLO and PPCO admits TUFTA allows for the avoidance of transfers as set forth in Paragraph 116 of the Complaint.

128.    The Receiver for PPLO and PPCO admits Section 548 of the Bankruptcy Code allows for the avoidance of transfers as set forth in Paragraph 117 of the Complaint.

129.    The Receiver for PPLO and PPCO denies the allegations in Paragraph 118 of the Complaint.

130.    The Receiver for PPLO and PPCO admits TUFTA contains the language as set forth in Paragraph 119 of the Complaint.

131.    The Receiver for PPLO and PPCO denies the allegations in Paragraph 120 of the Complaint.

132.    The Receiver for PPLO and PPCO denies the allegations in Paragraph 121 of the Complaint.

133.    The Receiver for PPLO and PPCO denies the allegations in Paragraph 122 of the Complaint.

134.    The Receiver for PPLO and PPCO incorporates the admissions and denials made above in response to Paragraph 123 of the Complaint.

135.    The Receiver for PPLO and PPCO admits Section 550 of the Bankruptcy Code allows for the recovery of transfers as set forth in Paragraph 124 of the Complaint.

136.    The Receiver for PPLO and PPCO denies the allegations in Paragraph 125 of the Complaint.

137.    The Receiver for PPLO and PPCO denies the allegations in Paragraph 126 of the Complaint.

138.    The Receiver for PPLO and PPCO denies the allegations in Paragraph 127 of the Complaint.

139.    The Receiver for PPLO and PPCO incorporates the admissions and denials made above in response to Paragraph 128 of the Complaint.

140.    The Receiver for PPLO and PPCO denies the allegations in Paragraph 129 of the Complaint.

141.    The Receiver for PPLO and PPCO denies the allegations in Paragraph 130 of the Complaint.

142.    The Receiver for PPLO and PPCO denies the allegations in Paragraph 131 of the Complaint.

143.    The Receiver for PPLO and PPCO denies the allegations in Paragraph 132 of the Complaint.

144.    The Receiver for PPLO and PPCO denies the allegations in Paragraph 133 of the Complaint.

145.    The Receiver for PPLO and PPCO denies the allegations in Paragraph 134 of the Complaint.

146.    The Receiver for PPLO and PPCO admits the allegations in Paragraph 135 of the Complaint.

147.    The Receiver for PPLO and PPCO denies the allegations in Paragraph 136 of the Complaint.

148.     The Receiver for PPLO and PPCO admits Section 510 of the Bankruptcy Code allows for equitable subrogation as set forth in Paragraph 137 of the Complaint.

149.     The Receiver for PPLO and PPCO denies the allegations in Paragraph 138 of the Complaint.

150.     The Receiver for PPLO and PPCO denies the allegations in Paragraph 139 of the Complaint.

151.     The Receiver for PPLO and PPCO denies the allegations in Paragraph 140 of the Complaint.

152.     The Receiver for PPLO and PPCO denies the allegations in Paragraph 141 of the Complaint.

153.     The Receiver for PPLO and PPCO denies the Trustee is entitled to the relief sought in Paragraph 142 of the Complaint.

## DEFENSES

154.     The Receiver for PPLO and PPCO is protected, in whole or in part, from fraudulent transfer claimed under the Bankruptcy Code or Texas state law because it provided reasonably equivalent value in the transactions at issue, or, alternatively, The Receiver for PPLO and PPCO is entitled to a credit against any claim in the amount of actual value given.

155.     The Receiver for PPLO and PPCO reserves the right to add additional defenses if necessary as discovery takes place in this matter and he completes his investigation into the allegations in the Complaint.

## JURY DEMAND

156.     The Receiver for PPLO and PPCO demands a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Defendants Platinum Partners Liquid Opportunities Master Fund, LP (herein "PPLO") and Platinum Partners Credit Opportunities Master Fund, LP pray that Plaintiff take nothing by reason of this suit, that Defendants recover their costs, and for such other and further relief, both at law and in equity, to which it is justly entitled.

Dated: January 11, 2017.

Respectfully submitted,

By: /s/ T. Micah Dortch
     **T. MICAH DORTCH**
     State Bar No. 24044981
     SDTX Bar No. 630903

**COOPER & SCULLY, P.C.**
900 Jackson Street, Suite 100
Dallas, Texas 75202
Telephone: (214) 712-9500
Facsimile: (214) 712-9540
Micah.Dortch@cooperscully.com
**ATTORNEY-IN-CHARGE FOR
DEFENDANTS PLATINUM PARTNERS
CREDIT OPPORTUNITIES MASTER FUND
LP AND PLATINUM PARTNERS LIQUID
OPPORTUNITIES MASTER FUND LP**

OF COUNSEL:

**COOPER & SCULLY, P.C.**

**CHRISTOPHER D. LINDSTROM**
State Bar No. 24032671
SDTX Bar No.: 33525
815 Walker, Suite 1040
Houston, Texas 77002
Telephone: (713) 236-6800
Facsimile: (713) 236-6880
Chris.Lindstrom@cooperscully.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on counsel for all parties of record via ECF on January 11, 2017.

/s/ T. Micah Dortch_____
**T. MICAH DORTCH**